MARTIN D. BERN (State Bar No. 153203)
martin.bern@mto.com
ELIZABETH R. DYER (State Bar No. 294694)
elizabeth.dyer@mto.com
CAROLINE C. LITTEN (State Bar No. 329449)
Carrie.Litten@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702

Attorneys for Defendants
WELLS FARGO & COMPANY and
WELLS FARGO BANK, NATIONAL ASSOCIATION\

RICHARD E. QUINTILONE, II (SBN 200995)
JEFFREY T. GREEN (SBN 330065)
QUINTILONE & ASSOCIATES
22974 El Toro Road, Suite 100
Lake Forest, CA 92630
Telephone: (949) 458-9675
Facsimile: (949) 458-9679
Email: req@quintlaw.com; jtg@quintlaw.com
Attorneys for Plaintiff JOSEPHINE EASTON individually, and on behalf of all employees similarly situated.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| JOSEPHINE EASTON, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO & COMPANY, a Delaware corporation; WELLS FARGO BANK, NATIONAL ASSOCIATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-06070-AB-RAO<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

46861025.1

1.      <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, and/or personally or commercially sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Protective Order" or "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. The parties further acknowledge that a Receiving Party may use Protected Material, as defined below, that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle the above-captioned litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

2.      <u>DEFINITIONS</u>

2.1      <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.3      <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.4      <u>Disclosure or Discovery Material</u>: all items or information, including from any Non-Party, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, or tangible things), that are produced, disclosed, or generated in connection with discovery or any disclosures in this case.

2.5     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.6     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.7     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.9     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.10     Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11     Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12     Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as provided for in this Order, as well as any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or their counsel in court or in any other setting that might reveal such information. Protected Material shall not include materials that show on their face they have been disseminated to the public by the designating party.

2.13     Receiving Party:  a Party that receives Disclosure or Discovery Material from a

1   Producing Party.

2   3.      SCOPE

3          The protections conferred by this Stipulation and Order cover not only Protected Material (as

4   defined above), but also (1) any information copied or extracted from Protected Material; (2) all

5   copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

6   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

7   However, the protections conferred by this Stipulation and Order do not cover the following

8   information: (a) any information that is in the public domain at the time of disclosure to a Receiving

9   Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

10  publication not involving a violation of this Order, including becoming part of the public record

11  through trial or otherwise; and (b) any information known to the Receiving Party prior to the

12  disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

13  information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

14  Protected Material at trial shall be governed by a separate agreement or order.

15  4.      DURATION

16         Even after final disposition of this litigation, the confidentiality obligations imposed by this

17  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

18  otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

19  defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

20  and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

21  time limits for filing any motions or applications for extension of time pursuant to applicable law.

22  5.      DESIGNATING PROTECTED MATERIAL

23         5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or

24  Non-Party that designates information or items for protection under this Order must take care to

25  limit any such designation to specific material that qualifies under the appropriate standards. The

26  Designating Party must designate for protection only those parts of material, documents, items, or

27  oral or written communications that qualify – so that other portions of the material, documents,

28

STIPULATED PROTECTIVE ORDER

items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material or, if the document is produced in native format, in the title of the document. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL."

     5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

     6.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

     6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 30 days of the initial notice of challenge or within 21 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. While any motion described in this section is pending, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing/Designating Party's designation until the court rules on the challenge.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Personally Identifying Information. Defendants Wells Fargo Bank, N.A. and Wells Fargo & Company may be producing records in this lawsuit that contain Personally Identifying

1  Information of bank customers, which may include name, mailing address, telephone numbers, email

2  addresses or other personally identifiable information that can be used on its own or with other

3  information to identify, contact or locate an individual ("PII"). While Defendants Wells Fargo Bank,

4  N.A. and Wells Fargo & Company may redact PII, redacting certain PII may be unduly burdensome,

5  and thus it may choose to not redact PII in all documents produced. The Parties agree that any PII

6  contained in documents produced shall be treated as CONFIDENTIAL, pursuant to the terms of this

7  Order. Absent an Order of this court, neither Plaintiff nor her counsel shall use PII obtained solely

8  from documents produced by Defendants to communicate with any customer. Nothing in this

9  paragraph shall be construed as a waiver by Defendants of its position that it is entitled to redact PII,

10  and the Parties agree that PII may be redacted.

11       7.3     Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information or

12  Items.  A Producing/Designating Party may designate Discovery Material as "CONFIDENTIAL" if

13  it contains or reflects confidential, non-public, proprietary, commercially sensitive, and/or private

14  information of an individual or entity. A Producing/Designating Party may designate Discovery

15  Material as "HIGHLY CONFIDENTIAL" if it contains or reflects information that the

16  Producing/Designating Party claims in good faith constitutes confidential financial information of an

17  individual, trade secrets, confidential financial or business plans and strategies, or other highly

18  sensitive, personal or proprietary information that may cause competitive, commercial or financial

19  injury if disclosed beyond the disclosure allowed by this Order.

20       Unless otherwise ordered by the court, Discovery Material stamped "CONFIDENTIAL" may

21  be disclosed only to the following:

22       (a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees

23  of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

24  this litigation;

25       (b)  the Parties themselves, corporate officers, directors, and employees (including House

26  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

27       (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

28

-8-                    2:20-cv-06070-AB-RAO

1   reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement

2   to Be Bound" (Exhibit A);

3         (d)  the court and its personnel;

4

5         (e)  court reporters, stenographers, and videographers retained to record testimony taken

6   in this action;

7         (f)  deposition and trial witnesses in the action to whom disclosure is reasonably

8   necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and

9   Agreement to Be Bound" (Exhibit A); and (2) the witness will not be permitted to keep any

10  Protected Material unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit

11  A), unless otherwise agreed by the Producing Party or ordered by the court. Pages of transcribed

12  deposition testimony or exhibits to depositions that reveal Protected Material must be separately

13  bound by the court reporter and may not be disclosed to anyone except as permitted under this

14  Stipulated Protective Order;

15       (g)  the author or recipient of a document containing the information or a custodian or

16  other person who otherwise possessed or knew the information;

17       (h)  a vendor hired by a party to collect documents, host data, maintain a database of

18  electronic data or perform other work related to the collection, review or production of documents in

19  the case;

20       (i)  any mediator who is assigned to hear this matter, and his or her staff, subject to their

21  agreement to maintain confidentiality to the same degree as required by this Protective Order.

22       Unless otherwise ordered by the court, Discovery Material that is designated "HIGHLY

23  CONFIDENTIAL" by a Producing/Designating Party may be disclosed by a Receiving Party only

24  to the persons identified in paragraph 7.3 sub-sections a, c, d, e, h, i.

25       7.4    Limitations. Nothing in this Order shall restrict in any way a

26  Producing/Designating Party's use or disclosure of its own Protected Material. Nothing in this

27  Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party:

28

(i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is

lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii)

that was previously produced, disclosed and/or provided by the Producing Party to the Receiving

Party or a Non-Party without an obligation of confidentiality and not by inadvertence or mistake;

(iv) with the consent of the Producing Party; or (v) pursuant to Order of the court.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>
      <u>LITIGATION</u>

      If a Party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" that Party must:

      (a)  promptly notify in writing the Designating Party. Such notification shall include a

copy of the subpoena or court order;

      (b)  promptly notify in writing the party who caused the subpoena or order to issue in the

other litigation that some or all of the material covered by the subpoena or order is subject to this

Protective Order. Such notification shall include a copy of this Protective Order; and

      (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

Producing/Designating Party whose Protected Material may be affected.

      If the Producing/Designating Party timely seeks a protective order, the Party served with the

subpoena or court order shall not produce any information designated in this action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from

which the subpoena or order issued, unless the Party has obtained the Producing/Designating Party's

permission. The Producing/Designating Party shall bear the burden and expense of seeking

protection in that court of its confidential material – and nothing in these provisions should be

construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive

from another court.

9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS</u>
      <u>LITIGATION</u>

a. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

b. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

c. If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

a.    The production of documents (including both paper documents and electronically stored information) subject to protection by the attorney-client, the Bank Examination privilege and/or protected by the work-product, joint defense or other similar doctrine, or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or

1    other protection, provided that the producing party notifies the receiving party, in writing, of the

2    production after its discovery of the same.

3            b.      If the Producing Party notifies the Receiving Party after discovery that privileged

4    materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified

5    Materials and all copies of those materials shall be returned to the Producing Party or destroyed or

6    deleted, on request of the Producing Party.  If the Receiving Party has any notes or other work

7    product reflecting the contents of the Identified Materials, the Receiving Party will not review or

8    use those materials unless a court later designates the Identified Materials as not privileged or

9    protected.

10           The Identified Materials shall be deleted from any systems used to house the documents,

11   including document review databases, e-rooms and any other location that stores the documents.

12   The Receiving Party may make no use of the Identified Materials during any aspect of this matter

13   or any other matter, including in depositions or at trial, unless the documents are later designated

14   by a court as not privileged or protected.

15           The contents of the Identified Materials shall not be disclosed to anyone who was not

16   already aware of the contents of them before the notice was made.

17           If any Receiving Party is in receipt of a document from a Producing Party which the

18   Receiving Party has reason to believe is privileged, the Receiving Party shall in good faith take

19   reasonable steps to promptly notify the Producing Party of the production of that document so that

20   the Producing Party may make a determination of whether it wishes to have the documents

21   returned or destroyed pursuant to this Order.

22           The party returning the Identified Materials may move the court for an order compelling

23   production of some or all of the material returned or destroyed, but the basis for such a motion

24   may not be the fact or circumstances of the production.

25           The parties agree that this Order is an Order entered under Rule 502(d) of the Federal

26   Rules of Evidence and thus the disclosure of Identified Materials is not a waiver of the privilege in

27   any other federal or state proceeding.

28
STIPULATED PROTECTIVE ORDER

This stipulated agreement set forth in paragraph 10 and its subparts does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. This agreement also is not intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

10.2    Inadvertent Failure to Designate Properly.  The inadvertent failure by a Producing Party to designate Discovery Material with the correct confidentiality designation, shall not waive any such designation.  If the Producing Party notifies all Receiving Parties of an inadvertent failure to designate materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Producing Party shall reproduce the Protected Material with the correct confidentiality designation within ten (10) days upon its notification to the Receiving Party.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was not designated properly.

A Receiving Party shall not be in breach of this Order for any use of such inadvertently-non-designated or inadvertently-misdesignated Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate.  Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Protective Order.

10.3    Inadvertent Disclosure Not Authorized by Order.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Producing/Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached

1    hereto as Exhibit A.

2          Unauthorized or inadvertent disclosures does not change the status of Discovery Material

3    or waive the right to hold the disclosed document or information as Protected.

4    11.    <u>MISCELLANEOUS</u>

5          11.1    <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek

6    its modification by the court in the future.

7          11.2    <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order

8    no Party waives any right it otherwise would have to object to disclosing or producing any

9    information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

10   Party waives any right to object on any ground to use in evidence of any of the material covered by

11   this Protective Order.

12         11.3    <u>Filing Protected Material.</u> Without written permission from the Designating Party or a

13   court order secured after appropriate notice to all interested persons, a Party may not file in the

14   public record in this action any Protected Material. A Party that seeks to file under seal any Protected

15   Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal

16   pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant

17   to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the

18   Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to

19   protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant

20   to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in

21   the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

22         11.4    Termination of Matter and Retention of Jurisdiction.  The Parties agree that the

23   terms of this Order shall survive and remain in effect after the termination of the above-captioned

24   matter.  The court shall retain jurisdiction for one year after termination of this matter to hear and

25   resolve any disputes arising out of this Order.

26         11.5    Successors.  This Order shall be binding upon the Parties hereto, their attorneys,

27   and their successors, executors, personal representatives, administrators, heirs, legal

28
STIPULATED PROTECTIVE ORDER

representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

11.6    Actions to Protect Confidential Information.  In the event that the court determines that there is an actual or threatened breach of this Order by the party who received Protected Material, the parties agree that the Producing/Designating Party would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of this Order, in addition to any other remedy the party may be entitled at law or in equity.

11.7    Burdens of Proof.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

12.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

//

STIPULATED PROTECTIVE ORDER

1    and expert work product, even if such materials contain Protected Material. Any such archival

2    copies that contain or constitute Protected Material remain subject to this Protective Order as set

3    forth in Section 4 (DURATION).

4

5    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

6

7                                                    QUINTILONE & ASSOCIATES

8
     DATED: February **26**, 2021
9                                                    Richard Quintilone II, Esq.
10                                                   Attorneys for Plaintiff
                                                     *JOSEPHINE EASTON, an individual, on behalf of h*
11                                                   *erself and all others similarly situated*

12
                                                     MUNGER, TOLLES & OLSON LLP
13
     DATED: February **25**, 2021                    /s/ Martin D. Bern
14                                                   Martin D. Bern, Esq.
15                                                   Attorneys for Defendants
                                                     *WELLS FARGO & COMPANY and*
16                                                   *WELLS FARGO BANK, N.A.*

17

18   PURSUANT TO STIPULATION, IT IS SO ORDERED.

19

20
     DATED: March 9, 2021
21                                                   The Honorable Rozella A. Oliver
22                                                   United States Magistrate Judge

23

24

25

26

27

28

                             STIPULATED PROTECTIVE ORDER

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____